**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JIMMY MALO, | ) Case No. EDCV 13-1781-SJO (JPR) |
| Plaintiff, | ) |
| vs. | ) ORDER TO SHOW CAUSE RE DISMISSAL |
| | ) FOR FAILURE TO PAY INITIAL |
| MR. HERNANDEZ et al., | ) PARTIAL FILING FEE |
| Defendants. | ) |

On October 10, 2013, Plaintiff was granted permission pursuant to 28 U.S.C. § 1915(b)(1) to file the above-referenced action without paying the full filing fee of $350.00, but he was ordered to pay an initial partial filing fee, in the amount of $32.70, within 30 days to the Clerk of Court. To date, the payment has not been received.

Under the Prison Litigation Reform Act, all prisoners who are granted in forma pauperis status to file their civil rights actions must nonetheless pay the full amount of the filing fee. Id. For prisoners unable to pay the filing fee at the time of filing, the statute provides for the assessment and, "when funds exist," the collection of an initial fee equal to 20 percent of the greater of the prisoner's average monthly account balance or

monthly deposits for "the 6-month period immediately preceding the filing of the complaint or notice of appeal." Id. After payment of the initial fee, the prisoner must make monthly payments equal to 20 percent of the preceding month's income credited to the account, to be forwarded when the prisoner's account balance exceeds $10. § 1915(b)(2). Under the PLRA's "safety-valve" provision, a prisoner cannot "be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." § 1915(b)(4).

Under the safety-valve provision, a court may not dismiss the lawsuit of a prisoner whose funds become depleted after the initial partial filing fee is assessed and who can no longer pay. Taylor v. Delatoore, 281 F.3d 844, 850-51 (9th Cir. 2002). In all other circumstances, however, a court may dismiss a prisoner's civil rights action for failure to pay the initial partial filing fee (or indeed any portion of the full fee). See Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995) (upholding dismissal of action for failure to pay initial partial filing fee when prisoner had enough money to buy "name brand toiletries" and snacks).

Plaintiff has not complied with § 1915(b)(1) and is hereby ORDERED TO SHOW CAUSE why this action should not be dismissed for Plaintiff's failure to timely pay the initial partial filing fee.

Plaintiff must file a response to this Order to Show Cause no later than 20 days from the date of this Order. Failure to file a response within the time specified may result in the dismissal of this action. If the initial partial filing fee is

1 | received by the Court within the 20-day period, no further
2 | response to this Order to Show Cause is necessary.

4 | DATED: December 2, 2013        /s/ Jean Rosenbluth
                                   JEAN P. ROSENBLUTH
5 |                                U.S. MAGISTRATE JUDGE